UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED IN OPEN COURT THIS
8/22/2022
CLERK, U.S. DISTRICT COURT
EASTERN DIST OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:21-CR-76 |
| v. | ) |
| | ) JUDGE CRYTZER |
| BRENDON SETH LUFFMAN | ) |

## AMENDED PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, BRENDON SETH LUFFMAN, and the defendant's attorney, Benjamin G. Sharp, have agreed upon the following:

1.  The defendant will plead guilty to Count Two charging the defendant with attempted enticement in violation of 18 U.S.C. § 2422(b). The punishment for this offense is a mandatory minimum of ten (10) years up to life imprisonment; up to $250,000 fine; 5 years up to life supervised release; $5,100.00 in special assessments; the full amount of victim's losses in restitution; and forfeiture.

2.  In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining counts against the defendant in this indictment.

3.  The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. Specifically, the elements of the offense are as follows:

a) Attempted Enticement of a Minor

The elements are:

    i.    The defendant knowingly persuaded, induced, enticed, or coerced an individual under the age of 18 to engage in unlawful sexual activity, or attempted to do so;
    ii.    The defendant used a means or facility of interstate commerce to do so; and
    iii.    The defendant knew the individual was under the age of 18.

In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

A search warrant was obtained for the defendant's Facebook data. The data revealed the defendant was communicating with a minor he knew to be a 16-year-old female in the Eastern District of Tennessee (EDTN).

On September 4, 2019, the defendant reached out to the sixteen-year-old female asking how old she was.

Victim: "Sorry but I'm only almost 17 so like".

Defendant: "Mmm sexy"

Defendant begins requesting photos.

Defendant: "I'm asking you if you are a virgin or sexually active"

Victim: "Virgin"

Victim sends a picture of herself fully clothed.

Defendant: "Mmm sexy"

Defendant: "You have a perfect body"

2

The defendant inquired as to the victim's appearance. In response the victim sent a picture revealing she had cleavage.

    Defendant: "Yummy"

    Defendant: "You have some big boobs"

    Victim: "Thx?"

    Defendant: "I'd have to pay you to show them to me"

    Defendant: "Do you have big or small nipples?"

    Victim: "Uh"

    Defendant: "Big is like bigger than a half dollar"

    Defendant: "Or you can just show me"

    Defendant: "I do like them and would love to see them"

    Victim: "Welp"

    Defendant: "But that's up to you"

    Victim: "No"

    Defendant: "Okay"

    Defendant: "I respect that"

        "I really like you"

        "You want to make some extra money secretly?"

    Victim: "No"

Victim sends a selfie head shot.

    Defendant: "Can't see your whole body goob"

        "But what I see is beautiful"

        "Yup. Let me see All of you"

"Good. Can I see a pic of you today please"

"I could look at you all day and not get tired of seeing you beautiful"

"Show me how sexy you are"

"Are you gonna show me all of you"

The next morning defendant continues his requests for nude images.

Defendant: "How sexy are you this morning beautiful"

"Show me how sexy you are today" 😘

"I'm waiting for a full picture of you"

Victim sends the defendant a picture of herself and her boyfriend at a football game.

Defendant: "Teaser show me all"

Victim: "No"

Defendant: "Show me all of you"

"I respect your with someone else but it's only pictures I'm not able to fuck you like I want to"

"Can you send me a pic of your boobs for my dick pic"

"Otherwise we will have to do it in person"

"You won't understand how good it feels until you try it"

Victim: "I can't send a nude"

Defendant: "Then we have to in person"

Victim: "No"

Defendant: "Okay well then it has to be a nude"

"I'll delete it after I see it"

That same day the defendant later requests the victim send pornographic depictions of herself.

4

Defendant: "Is your pussy shaved"

Victim: "Yeah"

Defendant: "Show me"

Victim: "No"

Defendant admits during the month of September 2019, in EDTN, he did knowingly attempt to persuade, induce, entice, or coerce an individual under the age of 18 to engage in unlawful sexual activity, and used a means or facility of interstate commerce to do so in violation of 18 U.S.C. § 2422(b).

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

6. Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that a sentence of fifteen (15) years of imprisonment followed by a term of supervised release imposed

5

by this Court is the appropriate disposition of this case. Additionally, the Court may impose any lawful fine(s) and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. The following item was seized from the person of the defendant. The defendant agrees that the following item contains child pornography or contraband and the parties agree it will be destroyed and will not be returned to the defendant: Motorola Moto G(6), Serial Number- ZY323CD84P, MEID-256691840603679008 (HEX: 99001106382320).

9. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victims of any offense charged in this case (including dismissed counts); and (2) the victims of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offenses.

10. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and

6

Case 3:21-cr-00076-KAC-DCP   Document 28   Filed 08/22/22   Page 6 of 10   PageID #: 86

counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

12. The defendant acknowledges that the defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is employed; and (3) where the defendant is a student. The defendant understands that the requirements for registration include providing: (1) the defendant's name; (2) residence address; and (3) the names and addresses of any places where the defendant is, or will be, an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at

8

Case 3:21-cr-00076-KAC-DCP   Document 28   Filed 08/22/22   Page 8 of 10   PageID #: 88

least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations will subject the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by imprisonment, a fine, or both.

13. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

14. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

9

15. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

8/22/2022
Date

By: *(signature)*
Jennifer Kolman
Assistant United States Attorney

8-22-2022
Date

*(signature)*
Brendon Seth Luffman
Defendant

8-22-2022
Date

*(signature)*
Benjamin G. Sharp
Attorney for the Defendant

10